NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RONALD WAYNE LERCH, *Petitioner*.

No. 1 CA-CR 26-0009 PRPC

FILED 07-29-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2019-145654-001, CR2022-127276-001
The Honorable Sam J. Myers, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip Garrow and Casey Hutchison
*Counsel for Respondent*

Ronald Wayne Lerch, Yuma
*Petitioner*

_____

## MEMORANDUM DECISION

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Vice Chief Judge David D. Weinzweig joined.

_____

**F A B I A N**, Judge:

**¶1**      Ronald Wayne Lerch seeks review of the superior court's dismissal of his post-conviction relief ("PCR") petition filed under Arizona Rule of Criminal Procedure ("Rule") 32.1. This Court grants review but denies relief.

## FACTUAL AND PROCEDURAL BACKGROUND

### Maricopa County Cause No. CR2019-145654-001 ("Case 1")

**¶2**      In 2019, Lerch entered into a plea agreement in which he agreed to plead guilty to an amended charge of solicitation to commit possession of a dangerous drug, a class 6 undesignated felony, with a stipulated probation disposition. The court accepted the plea agreement and placed Lerch on supervised probation.

### Maricopa County Cause No. CR2022-127276-001 ("Case 2")

**¶3**      In 2022, while Lerch was still on probation for Case 1, the State charged Lerch with possession of dangerous drugs (class 4 felony) and possession of drug paraphernalia (class 6 felony). Before trial, the State offered to settle the case if Lerch pled guilty with no agreement about prison or probation. If the court imposed only probation, Lerch would have to serve nine months in jail. Lerch rejected the plea offer.

**¶4**      Before trial, the court conducted a *Donald* hearing to advise Lerch of the plea offer and what could happen at trial. *See State v. Donald*, 198 Ariz. 406 (App. 2000). The State informed Lerch of the 10 to 15-year sentencing range he faced if he was convicted at trial. In addition, the court informed Lerch that if he was found guilty, his probation in Case 1 would be revoked, and he would be sentenced to a consecutive prison term. Defense counsel confirmed the State's assessment of the post-trial sentencing options. Lerch still rejected the offer.

**Sentencing and Appeal**

**¶5**        The jury found Lerch guilty on both charges. While the jurors were deliberating, Lerch fled. The court imposed consecutive sentences for Case 1 and Case 2, for a total of 11 years, with 172 days of presentence credit.

**¶6**        Lerch appealed. This Court granted the State's motion to remand the appeal to superior court to determine whether Lerch voluntarily absented himself from the trial, thereby waiving his appellate rights. *See State v. Brearcliffe*, 254 Ariz. 579 (2023). The superior court determined that his absence was voluntary. Based on that finding, this Court determined it had no jurisdiction over Lerch's appeal and dismissed it.

**PCR Proceeding**

**¶7**        Lerch filed a timely PCR notice. While he listed several grounds for relief, Lerch only addressed the ineffective assistance of counsel ("IAC") claim in his petition. Lerch claimed his counsel was ineffective for failing to advise him of the consequences of voluntarily absenting himself from the trial and that he rejected a favorable plea offer based on counsel's advice.

**¶8**        The superior court rejected Lerch's two IAC claims and dismissed the petition. The court found that because it had twice advised Lerch of the consequences of absconding, Lerch could not establish prejudice even if his counsel had not properly advised him. As to the plea offer claim, the court rejected it, because Lerch had: 1) acknowledged he understood the plea and the consequences of rejecting it, 2) discussed everything with his attorney, and 3) still rejected the plea after the State refused to remove jail time as a term of probation.

**¶9**        Lerch petitioned this Court for review. This Court has jurisdiction under A.R.S. § 13-4239(C) and Rule 32.16.

**DISCUSSION**

**¶10**        In his review petition, Lerch identified the following claims:

1) Would the presentence custody credit from his probation violation dispositions satisfy the offered plea agreement's nine-month probation term?
2) Was the inability of appointed counsel during the offer of a plea agreement, or more generally his refusal to specify and express the

petitioner's credit of at least 172 days of presentence custody credit against the nine-month term requested by the State, an instance of IAC, causing rejection?

3) Does the record sufficiently establish compliance with *Donald*?

4) Did Petitioner waive his direct appeal rights under A.R.S. § 13-4033(C)?

## I. Lerch's First and Second Claims Are Waived Because He Did Not Raise Them in the Superior Court.

**¶11** To be entitled to relief, a defendant must strictly comply with the PCR rules. *State v. Evans*, 252 Ariz. 590, 595 ¶ 7 (App. 2022). A review petition may only raise issues first presented and decided in the superior court. Ariz. R. Crim. P. 32.2(a)(3) (claims are waived if they are not brought in the first PCR proceeding); *see State v. Ramirez*, 126 Ariz. 464, 467-68 (App. 1980) (court applied a waiver analysis to "issues first presented in a petition for review" because the superior court "obviously never" had the chance to consider the alleged errors meaningfully).

**¶12** Waiver extends to any claim for which a defendant fails to develop an argument "in any meaningful way." *State v. Stefanovich*, 232 Ariz. 154, 158 ¶ 16 (App. 2013). Lerch's first and second claims are waived because they were never presented to the superior court.

## II. Lerch Failed to Allege a Colorable IAC Claim.

**¶13** To the extent Lerch's third and fourth claims are related to his IAC claim, they are not waived. Whether Lerch received "ineffective assistance [of counsel] is a mixed question of fact and law." *State v. Denz*, 232 Ariz. 441, 444 ¶ 6 (App. 2013). While this Court defers to a superior court's factual findings regarding IAC, this Court reviews the ultimate legal conclusion *de novo*. *Id.* Whether a defendant has presented a colorable claim warranting a hearing is reviewed for abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219 ¶ 9 (2016).

**¶14** To prevail on an IAC claim, a defendant must prove deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant needs to show a "reasonable probability" that, but for counsel's errors, the result of the proceeding would have been different. *State v. Miller*, 251 Ariz. 99, 104 ¶ 17 (2021). Although a defendant must satisfy both prongs of the *Strickland* test to succeed on an IAC claim, a reviewing court need not address both components if the defendant makes an insufficient showing on one. *State v. Beaty*, 158 Ariz. 232, 249 (1988).

¶15 The "two-part [IAC] standard [is] applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *State v. Anderson*, 257 Ariz. 226, 233 ¶ 28 (2024). "[C]ounsel's failure to provide competent advice to a criminal defendant concerning a plea offer constitutes deficient performance." *Donald*, 198 Ariz. at 412 ¶ 11. "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either 1) gave erroneous advice or 2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *Id.* at 413 ¶ 16.

¶16 Lerch did not allege he was unaware of the plea-offer terms. Nor could he. As noted above, the court and counsel went to great lengths to explain the offer and the consequences if Lerch were found guilty at a trial. The only aspect of the IAC claim before the superior court was Lerch's claim that counsel advised him to reject the offer because the State would not be able to meet its burden of proof. But the court, at sentencing, found that his counsel wanted him to take the plea offer. Given the court's finding that defense counsel wanted Lerch to accept the plea agreement, it did not err by finding that Lerch failed to establish a colorable IAC claim.

¶17 Lerch submitted an affidavit from his counsel that counsel did not discuss the consequences of fleeing from the court proceedings. Even assuming his counsel's omission satisfies the deficient-performance prong for an IAC claim, this Court agrees with the superior court that Lerch cannot show prejudice. As noted by the superior court, it twice advised Lerch of the consequences of fleeing as it relates to his right to appeal under A.R.S. § 13-4033(C).

## CONCLUSION

¶18 This Court grants review but denies relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JR